HENRY COHEN *vs.* A. F. WHITMAN, Administrator of M. W. PARMELE.

April Term, 1873.

MOTION TO DISMISS BILL FILED AGAINST ADMINISTRATOR WITHIN SIX MONTHS.—Where the object of the bill against an administrator is not to obtain a preference over other creditors by recovering a judgment on the complainant's claim, but to prevent irreparable injury to the complainant by subjecting his property to execution sale under a judgment in favor of the administrator against which he has an equitable set-off, the fact that complainant cannot sue at law within six months, and that the estate is insolvent, are sufficient grounds for coming into equity, and are no grounds for moving to dismiss the bill for want of equity on its face.

*John D. Brien*, for complainant.
*M. M. Brien, Jr.*, for defendant.

THE CHANCELLOR.—This case comes before me on a motion to dismiss the bill for want of equity on its face.

The bill alleges that Parmele sued complainant before a magistrate for the value of two diamond rings, which had been pledged to complainant for a loan of money by a third person, and sold by him upon the failure of that person to redeem, and recovered judgment for $250. That this judgment was, upon appeal by complainant, affirmed first in the circuit court, and then in the supreme court. That pending the appeal in the supreme court, in July or August, 1871, said Parmele came to the complainant's store, and purchased a watch for $185, and a gold chain for $50, with the agreement in writing that if the appeal was decided against com-

plainant, the purchase-money of the watch and chain was to be credited on the judgment, and he called upon witnesses to notice and remember the contract. That complainant sold the goods only upon the faith of this agreement. That after the death of Parmele, complainant's lawyer—also now dead—promised to place the contract in the hands of the defendant, Whitman, as a claim against his intestate's estate, which complainant supposes was done. That the estate of Parmele is worthless, and if complainant is forced to pay the judgment, he might lose his debt. That the defendant Whitman has not yet been administrator for six months, and before the time will expire and complainant can recover judgment, the defendant Wilkinson, deputy sheriff, in whose hands the execution is, will have collected the money, and the defendant Whitman, as administrator, may have paid it out. The bill prays an injunction against the collection of the judgment, and for a decree adjusting complainant's equities.

The grounds upon which the motion to dismiss are based, are that the bill shows upon its face that it is filed within the the six months allowed by law to the administrator to look into the estate, and is, therefore, prematurely filed.; and that the bill also shows that the estate is insolvent, and therefore, complainant must pay the judgment, and come in *pro rata* with other *bona fide* creditors.

The Code, § 2274, does allow personal representative six months from the date of qualification to ascertain the situation of the estate and settle it without being liable to suit and costs, and provides that suits commenced within the time may be abated at the plaintiff's costs. Both that section, however, and the next succeeding section, seem to contemplate that the personal representative must " plead the prematurity of the action in abatement." In other words, the personal representative may exercise a discretion, and is not bound to dismiss the suit upon this ground, except in cases where his failure would give an unlawful preference. In this view, the fact that the suit has been brought within

the six months is not a ground of motion for want of equity, but of a plea in abatement.

But this case does not fall within the mischief of the rule intended to be provided against. The object of the statute was to prevent a creditor, even with the assent of the personal representative, from obtaining a preference over other creditors. The object of this bill is not to obtain such preference by recovering a judgment on the complainant's claim, but to prevent irreparable injury to the complainant by subjecting his property to the satisfaction of a judgment against which he has an equitable set-off. The very fact that he cannot sue at law during the six months, and before the money could be collected by the execution in the hands of the officer, is itself a sufficient ground to give the court of equity jurisdiction.

It is true, if the learned counsel of the defendant is right in his second position, that, in view of the insolvency of the estate, the complainant must come in *pro rata* with the other creditors, and is not entitled to set off his debt against the judgment, the bill could not be sustained. But this position is directly in conflict with the express provisions of the Code. By § 2374, where the administration of insolvent estates is specially treated of, it is provided that: " the balance of accounts between the deceased and any creditor or debtor, after allowing any just credits or set-off, shall be taken as the true amount due from or to the estate." The claims of the deceased, it is said by our supreme court in construing this provision of the law, are not assets if they have been discharged by the creation of adverse claims, or otherwise. It is only what remains after all just settlements with the debtors of the estate, that goes into the fund for distribution. *Richardson* v. *Parker*, 2 Swan, 259 ; and see Code § 2396 and § 2397. The motion to dismiss must be disallowed.

Nor do I think that the defendant is entitled at this stage of the case, to a modification of the injunction. It is true, that the administrator ought to be allowed to collect so much of the judgment as may be in excess of the complainant's

equitable set-off, and such costs as the court may award against the estate. The amount of such costs, and whether the court will award any, may depend upon the course pursued by the defendant in connection with the final result of the cause. The defendant may renew this motion upon the coming in of his answer